UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HICKS, | No. 2:15-cv-0871 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA STATE PRISON DVI, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to magistrate judge jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). (See ECF No. 10.)

I. In Forma Pauperis Application

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II. Screening Requirement & Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

III.  Screening

The statement of claim in plaintiff's complaint provides as follows:

> I have full blown AIDS and the doctor is making me drink water that is hazardous to my immune system.  I need [E]nsure and Megacestrol for my immune system.  The water will kill me.  The water that I've been drinking since 11-17-14 before they stated giving bottled water 3-16-15, I am ill, my stomach aches.

(sic) (ECF No. 1 at 3.)

Plaintiff seeks the following relief:

> I want my [E]nsure and Megace. Also to be compensated for the mental stress and anxiety[y].  To be compensated for pain and suffering and to be given [E]nsure.  Also for my immune system which is 106 full blown AIDS.  [E]nsure boosts up my immune system. For me to call my Dr . . . Neil Flynn MD.

(sic) (Id.)

A.  Improper Defendant

The sole named defendant is Deuel Vocational Institution in Tracy, California ("DVI").[1] Plaintiff's complaint is deficient, first, in that it fails to identify a proper party for relief. The Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against state agencies (such as the California Department of Corrections and Rehabilitation) and individual prisons (such as DVI), absent "a waiver by the state or a valid congressional override . . . ." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief

---

[1] A notice of change of address that plaintiff filed with the court indicates that plaintiff has subsequently been transferred to Valley State Prison in Chowchilla, California.

against a state, 'an arm of the state,' its instrumentalities, or its agencies." See Fireman's Fund Ins. Co. v. City of Lodi, Cal., 302 F.3d 928, 957 n. 28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court . . . ." Dittman, 191 F.3d at 1025–26 (citing Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)); see also Brown v. Cal. Dep't. of Corr., 554 F.3d 747, 752 (9th Cir. 2009). "However, under Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers in their official capacities[,]" Fireman's Fund, 302 F.3d at 957 n. 28 (internal quotation and citation omitted), or, in appropriate instances, in their individual capacities, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, (1997) (citing Ex Parte Young, 209 U.S. at 123). In any amended complaint that he may file, plaintiff should carefully consider whom he may properly name as a defendant in this action.

 B. Failure to State a Claim for Inadequate Medical Care

Plaintiff's complaint is also deficient in that it fails to adequately state a claim under Section 1983. The court will briefly set forth the standards that govern a claim under the Eighth Amendment based on inadequate medical care.

To state such a claim, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. Snow v. McDaniel, 681 F.3d 978, 982 (9th Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1083 (9th Cir. 2014) (en banc); Wilson v. Seiter, 501 U.S. 294, 297-99 (1991).

To meet the objective element, plaintiff must demonstrate the existence of a serious medical need. Estelle, 429 U.S. at 104. Such a need exists if the failure to treat the injury or condition "could result in further significant injury" or cause "the unnecessary and wanton infliction of pain." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotes and citations omitted). Serious medical needs include "[t]he existence of an injury that a reasonable

4

doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; [and] the existence of chronic and substantial pain." McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled in part on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

Under the subjective element, a prison official is deliberately indifferent only if the official "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotes and citation omitted). To prevail on a claim for deliberate indifference, a prisoner must demonstrate that the prison official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The court "need not defer to the judgment of prison doctors or administrators" when deciding the deliberate indifference element. Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) (where prison officials were aware loss of his dentures was causing him severe pain and permanent physical damage, three month delay in providing pain relief and soft food diet constituted Eighth Amendment violation).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from delay in providing care, a plaintiff must show that the delay was harmful. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059. In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett, 439 F.3d at 1096; see also McGuckin, 974 F.2d at 1060.

In applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not

support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a [§]1983 claim."  Franklin, 662 F.2d at 1344.  To establish that such a difference of opinion amounted to deliberate indifference, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course in conscious disregard of an excessive risk to [the prisoner's] health." See Jackson, 90 F.3d at 332; see also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference); see also Snow, 681 F.3d at 988 (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical treatment may be medically unacceptable under all the circumstances).

### C. Leave to File an Amended Complaint

Ultimately, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

1 an amended complaint.

2 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IV. Motion for Transfer

Plaintiff has filed a motion for transfer to another institution. The motion provides in its entirety as follows:

> To whom it may concern:
>
> On two different occasions, DVI Tracy institution has transferred me to two institutions where my health was and is in je[o]pardy. First, Tehachapi, CA. 2nd, righ[t] here at Valley State Prison. I have full blown AIDS and this water is contaminated. If I get sick, I could die. Now I go to classification to get transferred to an institution that holds people with HIV. DVI [k]now's this but why did they do this. DVI [k]new where they were sending me. What can I do? How can you fix this.

(sic) (ECF No. 13.)

The court will construe plaintiff's motion as a motion for a temporary restraining order.

7

A. <u>Standard</u>

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing. See Fed. R. Civ. P. 65. It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction. Local Rule 231(a); <u>see also</u> <u>Aiello v. OneWest Bank</u>, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Res. Def. Council</u>, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. <u>Caribbean Marine Serv. Co. v. Baldridge</u>, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after <u>Winter</u>).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the

claims raised in the injunction when the action is brought to trial. In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

B. Analysis

Per the standard set forth above, in order to be granted a temporary restraining order, plaintiff must either show that he is likely to succeed on the merits of a claim that would entitle him to injunctive relief, Winter, 555 U.S. at 20, or that he has raised serious questions going to the merits of his case, Alliance for Wild Rockies, 632 F.3d at 1134-35. As discussed above, plaintiff's complaint, as currently pled, simply fails to state a claim for relief under Section 1983. As such, plaintiff cannot demonstrate that he is likely to succeed on, or that he has raised serious questions regarding, the merits of his claim.

Plaintiff's motion is also deficient in that he has failed to describe the causal connection between the alleged water contamination at Valley State Prison and his AIDS diagnosis. Water contamination can take many forms, and can result in chronic and/or acute illnesses. Without more information regarding the alleged nature of the water contamination at Valley State Prison, the court cannot assess whether plaintiff is likely to suffer irreparable harm in the absence of the requested transfer.

Because plaintiff has failed to demonstrate (i) that his claim has the requisite merit for issuance of preliminary injunctive relief and (ii) sufficient likelihood of irreparable harm, the court need not address the adequacy of plaintiff's showing regarding the balance of the equities presented or the public interest in the issuance of the requested relief.

V. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. Plaintiff's motion for transfer to another institution (ECF No. 13) is denied without prejudice.

Dated: November 12, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/hick0871.14new.kjn+tro

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN HICKS,<br><br>             Plaintiff,<br><br>      v.<br><br>CALIFORNIA STATE PRISON DVI,<br><br>             Defendant. | No.  2:15-cv-0871 KJN P<br><br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

   _____          Amended Complaint
DATED:

                                    _____
                                    Plaintiff